FILED
Jun 21 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ jenniferv   DEPUTY

SABRINA L. SHADI, SBN 205405
JOSEPH S. PERSOFF, SBN 307986
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:   sshadi@bakerlaw.com
         jpersoff@bakerlaw.com

*Attorneys for Defendant*
WYNDHAM HOTELS & RESORTS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LERCHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM SAN DIEGO BAYSIDE, an unknown business entity; WYNDHAM HOTELS & RESORTS, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:  **'19CV1176 JLS  KSC**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; and Corporate Disclosure Statement]<br><br>Action Filed:  May 21, 2019 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, WYNDHAM HOTELS & RESORTS, INC. ("Defendant"), hereby removes the action filed by CHARLES LERCHER ("Plaintiff") in the Superior Court of the State of California in and for the County of San Diego, captioned *Charles Lercher v. Wyndham San Diego Bayside, et al.,* Case No. 37-2019-00026026-CU-WT-CTL, to the United States District Court for the Southern District of California.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332 and supplemental jurisdiction under §1367, and removal is proper under §1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and because it is a civil action that raises issues which directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.SC. § 185 ("LMRA").

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On May 21, 2019, Plaintiff filed a civil action in the Superior Court of the State of California for the County of San Diego, captioned *Charles Lercher v. Wyndham San Diego Bayside, et al.,* Case No. 37-2019-00026026-CU-WT-CTL (the "State Court Action").

4. On May 23, 2019, Plaintiff served Defendant, through its statutory agent, with copies of the Summons, Complaint and related State Court documents.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal as Exhibit "A."

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this Notice of Removal within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

6. Defendant filed and served its Answer in the State Court Action on June 21, 2019. A true and correct conformed copy of Defendant's Answer is attached as Exhibit "B."

## DIVERSITY OF CITIZENSHIP

7. <u>Plaintiff's Citizenship</u>. As alleged in Plaintiff's Complaint, Plaintiff is and at all times relevant to the Complaint has been, a resident of San Diego County, California. [See Plaintiff's Complaint, attached with Exhibit A, ("Complaint") ¶ 1].

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is presumed to be a person's domicile in the absence of contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016). Courts treat a person's residence as prima facie evidence of domicile. *See, e.g., District of Columbia v. Murphy*, 62 S.Ct. 303, 309-310 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).

9. Accordingly, because Plaintiff, by his own admission, has resided at all relevant times within California, and because there is no evidence that would indicate that Plaintiff's domicile is any state other than California, Plaintiff must be considered a citizen of California.

10. <u>Defendant's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

11. Defendant WYNDHAM HOTELS & RESORTS, INC. is incorporated in the state of Delaware. Pursuant to the *Hertz* nerve center test, defendant WYNDHAM HOTELS & RESORTS, INC. has its principal place of business in the State of New Jersey. Specifically, Defendant's headquarters is located at 22 Sylvan Way, Parsippany, New Jersey. Defendant WYNDHAM SAN DIEGO BAYSIDE, which Plaintiff names as an "unknown business entity," does not exist as an entity. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, for purposes of diversity, Defendant WYNDHAM HOTELS & RESORTS, INC. is a citizen of the states of Delaware and New Jersey.

12. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "Does 1 to 50," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13. Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 because Plaintiff is a citizen of the state of California and defendant WYNDHAM HOTELS & RESORTS, INC. is a citizen of the states of Delaware and New Jersey.

## AMOUNT IN CONTROVERSY

14. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, when the plaintiff fails to set forth any specific

damage amount. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

15. A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014). Here, although Plaintiff has not identified a specific value of his alleged damages, Plaintiff filed the State Court Action as "unlimited jurisdiction" because Plaintiff asserts that the case value exceeds $25,000. (See Plaintiff's Civil Case Cover Sheet, attached hereto with Exhibit A).

16. The amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts the following three causes of action against Defendant: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA") at California Government Code § 12900 *et seq.*; (2) wrongful discharge in violation of public policy; and (3) failure to pay wages.

17. <u>Lost Wages</u>. Plaintiff alleges that he has suffered economic damages, including wage loss and benefits loss. (Complaint ¶¶ 13, 20, 25). Plaintiff's "Prayer for Relief" reiterates his demand for economic damages. (Complaint, Prayer for Relief ¶1).

18. <u>Back Pay and Front Pay</u>. A claim for lost wages may consist of a back pay and front pay component. Plaintiff alleges that his employment with Defendant terminated on March 1, 2018. (Complaint ¶ 6). Plaintiff's hourly rate of pay at the conclusion of his employment with Defendant was $14. Plaintiff's back pay claim, calculated based on 26 hours of work per week, as alleged in his Complaint (¶ 24), for the period from March 2, 2018 (one day after Plaintiff's termination) through a

trial date of June 24, 2020 (one year from the filing of this Notice of Removal), would total approximately $43,680 ($14 per hour x 26 hours per week x 120 weeks). Plaintiff's front pay, for purposes of this analysis only, proceeding from an assumption that a court would award one year of front pay, would total approximately $18,928 ($14 per hour x 26 hours per week x 52 weeks). *See, e.g. Glenn-Davis v. City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. Feb. 12, 2008) (concluding that three-year front pay award was reasonable to employee who experienced unlawful discrimination). Therefore, the amount-in-controversy for Plaintiff's claim for lost wages, alone, totals at least $62,608.

19. <u>Emotional Distress Damages</u>.  Plaintiff seeks damages for past and future emotional distress. Plaintiff alleges that he has suffered "severe emotional distress." (Complaint ¶¶ 14, 21).

20. Emotional distress damages are considered in the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff does not specify an amount for such damages, but for purposes of this analysis only, Defendant estimates past and future emotional distress damages at $25,000.

21. The $25,000 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the value California juries have awarded for emotional distress damages in cases involving claims for age discrimination and wrongful termination. In *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles County Sup. Ct. July 19, 2013), for example, a jury awarded the plaintiff $151,333 for past and future emotional distress on claims for age discrimination and harassment, failure to prevent discrimination and harassment and wrongful termination.

22. <u>Penalties for Unpaid Wages</u>.  Plaintiff also seeks penalties for unpaid wages. (Complaint ¶ 26.) A plaintiff who has been discharged from employment may recover penalties for unpaid wages in an amount up to 30 days at the plaintiff's

rate of pay. Cal. Lab. Code § 204. Plaintiff's penalties claim, conservatively calculated based on a reasonable estimate of 8 hours of work per day, would total approximately $3,360 ($14 per hour x 8 hours per day x 30 days).

23. Attorneys' Fees. Plaintiff also seeks attorneys' fees. Attorneys' fees may be awarded to Plaintiff under FEHA at Cal. Gov't Code § 12965(b).

24. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002). Defendant conservatively estimates that through trial, Plaintiff's attorneys' fees would be in excess of $50,000.

25. Total Amount-in-Controversy. As detailed above, the amount-in-controversy exceeds $75,000, exclusive of costs and interest. The above-specified amounts are at least equal to $140,968, even when ignoring Plaintiff's claims for punitive damages and lost employment benefits, which must also be factored into the amount-in-controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Indeed, even when excluding damages for emotional distress, the amount in controversy equals at least $115,968. The table below summarizes the amounts in controversy for the relevant claims.

| Back Pay Damages | $43,680.00 |
|---|---|
| Front Pay Damages | $18,928.00 |
| Emotional Distress | $25,000.00 |
| Attorneys' Fees Through Trial | $50,000.00 |
| Penalties For Unpaid Wages | $3,360.00 |
| Total Sum | $140,968.00 |

26. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount of $75,000, exclusive of costs and interest, needed to meet the amount-in-controversy requirement. *See, e.g. Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## FEDERAL QUESTION JURISDICTION

27. As an alternative ground for this Court to exercise jurisdiction, this Court has federal question jurisdiction over Plaintiff's failure to pay wages claim and supplemental jurisdiction over Plaintiff's discrimination and wrongful termination claims.

28. Plaintiff's third cause of action for failure to pay wages alleges that Plaintiff was not paid the full vacation wages he was provided from his union's collective bargaining agreement. (Complaint ¶ 24.)

29. The LMRA, which is codified at Title 29 U.S.C. Sections 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *see also McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (same). Section 301 of the LMRA preempts a state law claim if the asserted cause of action involves a right conferred upon an employee by a CBA. *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1032 (9th Cir. 2016).

30. Plaintiff's unpaid wages claim is preempted by Section 301 of the LMRA because Plaintiff's right to unpaid vacation wages exists solely because of

the CBA, not any state law. California law does not require employers to provide vacation pay. *See* State of California Department of Industrial Relations, *Vacation*, https://www.dir.ca.gov/dlse/FAQ_Vacation.htm (last visited June 19, 2019) ("There is no legal requirement in California that an employer provide its employees with either paid or unpaid vacation time."). Plaintiff notes as much in the Complaint. (Complaint ¶ 24 ("According to the union contract, Plaintiff qualified for full benefits if he worked 90 hours in a month.")). Simply put, absent the CBA, Plaintiff would have had no right to vacation. Accordingly, because Plaintiff's right to vacation wages is conferred by the CBA, his claim is preempted by the LMRA and this Court has federal question jurisdiction over this claim.

## SUPPLEMENTAL JURISDICTION

31.  The Court has supplemental jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy which is the subject of the termination of Plaintiff's employment. 28 U.S.C. §§ 1367(a), 1441(a); *see City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-59, 165 (1997) (the District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both of plaintiff's state and federal claims derived from "a common nucleus of operative fact"). Specifically, all the claims in the Complaint are related to the termination of Plaintiff's employment. The termination of Plaintiff's employment was the triggering event for all three claims. (*See* Complaint, generally.)

## NOTICE OF INTERESTED PARTIES

32.  Pursuant to Local Rule 40.2, a Corporate Disclosure Statement and Notice of Party with Financial Interest is being filed concurrently with this Notice of Removal.

///

///

///

# NOTICE

33. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

Respectfully submitted,

Dated: June 21, 2019         **BAKER & HOSTETLER LLP**

By:   *s/ Joseph S. Persoff*
      Sabrina L. Shadi
      Joseph S. Persoff

*Attorneys for Defendant*
WYNDHAM HOTELS & RESORTS, INC.

Email:   sshadi@bakerlaw.com
         jpersoff@bakerlaw.com

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On June 21, 2019, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Scott E. Schutzman, Esq.                          *Attorneys for Plaintiff*
**LAW OFFICES OF SCOTT E. SCHUTZMAN**              CHARLES LERCHER
2124 Main Street, Suite 130
Huntington Beach, CA 92648
Tel:    714.374.0099
Fax:    714.374.0104
*Email: schutzy@msn.com*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 21, 2019, at Los Angeles, California.

_____
Hien Tran

4851-1383-8490