# EXHIBIT A

Scott E. Schutzman, Esq.  SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
2124 Main Street, Suite 130
Huntington Beach, California 92648
Tel:   (714) 374-0099
Fax:   (714) 374-0104
Email: schutzy@msn.com

Attorneys for Plaintiff, Charles Lercher

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/21/2019** at 03:44:59 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| CHARLES LERCHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM SAN DIEGO BAYSIDE, an unknown business entity; WYNDHAM HOTELS & RESORTS, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 37-2019-00026026-CU-WT-CTL<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>1. **DISCRIMINATION UNDER CAL. GOV. CODE § 12900 ET SEQ.**<br><br>2. **WRONGFUL TERMINATION IN VIOLATION AGAINST PUBLIC POLICY**<br><br>3. **FAILURE TO PAY WAGES UNDER CAL. LABOR CODE §§ 201-203, 210, 216, 218.5, 218.6, 226, 226.7, 1174, 1175, 1194**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CHARLES LERCHER, alleges as follows:

1. At all times relevant herein, Charles Lercher, "Plaintiff," is a resident of the County of San Diego, State of California.

2. At all times relevant herein, Defendant, Wyndham San Diego Bayside, is an unknown business entity in the hotel industry doing business in the County of San Diego, State of California.

---
**COMPLAINT FOR DAMAGES**
1

3. At all times relevant herein, Defendant, Wyndham Hotels & Resorts, Inc., is a Delaware corporation doing business in the County of San Diego, State of California.

4. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants Does 1-20 are unknown to the Plaintiff at this time, and therefore Plaintiff sues these Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants including the Doe Defendants was the agent, ostensible agent, servant, representative, associate, borrowed servant, and/or employee of each of the remaining Defendants and was at all times herein mentioned acting within the course and scope of said agency, ostensible agency, and/or borrowed servant authority and employment, and with the consent, permission, and/or ratification of the co-Defendants and each of them.

6. Plaintiff was employed by Wyndham San Diego Bayside for 37 years. Plaintiff's employment was terminated on March 1, 2018.

## First Cause of Action

## DISCRIMINATION UNDER CAL. GOV. CODE § 12900 ET SEQ.

## Against All Defendants and Does 1-20

7. Plaintiff re-alleges and incorporates paragraphs 1-6 as though set forth in full herein.

8. Plaintiff was employed as a bellman for Wyndham San Diego Bayside for 37 years prior to his termination. Plaintiff's duties included transporting guests and using luggage

bellman carts to carry guests' luggage upon check-in and check-out.

9. Beginning in March 2017, Plaintiff experienced several acts of antisemitism and workplace discrimination which were reported to Human Resources and/or management. The first act was a petition by a co-worker named Toufic and the shop steward named Sal to eliminate Plaintiff's work schedule despite the fact that Plaintiff has 37 years seniority. The next incident occurred when Plaintiff was approached face to face to encourage a physical confrontation. Name calling and cackling sounds were uttered by co-workers as Plaintiff walked by. Another act of antisemitism and workplace discrimination occurred when signs were posted in the employee areas stating "Fire Charlie," "Fire Marc," (Marc is Plaintiff's brother), and "Charlie go home." This occurred several times. Luggage bellman carts were further pushed within inches of Plaintiff as acts of intimidation. Rocks were placed on the driver's seat of Plaintiff's vehicle. The visors were then altered so they would strike Plaintiff's head as he entered the vehicle. All levels of management were informed of these incidents as they occurred.

10. Plaintiff's employment was terminated on March 1, 2018. Plaintiff has suffered adverse actions as a result of the aforementioned acts.

11. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's complaint to the Department of Fair Employment and Housing.

12. Attached hereto as Exhibit "B" is a true and correct copy of the Right to Sue letter issued by the Department of Fair Employment and Housing on December 25, 2018.

13. The employer Wyndham San Diego Bayside is strictly liable for the discriminatory harassment by its agents and supervising employees. Government Code § 12940(j)(1) and Cal. Code Regulations § 7287.6(b)(2). In addition, Wyndham San Diego Bayside had actual

knowledge of the intolerable conditions caused by the acts of harassment and discrimination as alleged above and failed to take any steps to end those conditions. As a proximate result of the discriminatory acts of the Defendants, Plaintiff was harmed in an amount to be proven at trial. Plaintiff has and will suffer economic damages as a result of the acts of Defendants.

14. As a legal result of the acts of Defendants, Plaintiff has suffered non-economic damages, including severe emotional distress in an amount to be proven at trial.

15. Defendants and each of them acted in the aforementioned conduct with malice, oppression, and/or fraud to justify an award of punitive damages under Civil Code § 3294.

16. Plaintiff has been forced to hire an attorney and has and will incur attorney's fees as a result of Defendants' actions.

## Second Cause of Action

## WRONGFUL TERMINATION IN VIOLATION AGAINST PUBLIC POLICY

## Against All Defendants and Does 1-20

17. Plaintiff re-alleges and incorporates paragraphs 1-16 as though set forth in full herein.

18. As of March 1, 2018, Plaintiff was employed for approximately 37 years continuously by Wyndham San Diego Bayside.

19. The motivating reasons for the termination of Plaintiff's employment were: (1) Defendants' workplace discrimination against Plaintiff because of his religion (Jewish) and (2) Defendants' failure to take action at the management level even after being notified of the multiple instances of harassment and discrimination referenced in paragraph 9 of this Complaint.

20. The termination of Plaintiff's employment caused special damages including wage loss and benefits loss.

21. The termination of Plaintiff's employment caused general damages including emotional distress damages.

22. The termination of Plaintiff's employment was carried out with malice, oppression, or fraud pursuant to Civil Code § 3294 which warrants punitive damages.

### Third Cause of Action

### FAILURE TO PAY WAGES

### UNDER CAL. LABOR CODE §§ 201-203, 210, 216, 218.5, 218.6, 226, 226.7, 1174, 1175, 1194

### Against All Defendants and Does 1-20

23. Plaintiff re-alleges and incorporates paragraphs 1-22 as though set forth in full herein.

24. Plaintiff's anniversary date is May 16. Every May 16, Plaintiff earned 5 weeks of vacation time. According to the union contract, Plaintiff qualified for full benefits if he worked 90 hours in a month. Plaintiff worked 104 hours each month for approximately 25 years.

25. When Plaintiff was terminated on March 1, 2018, he accrued .79 of his vacation time. Plaintiff received a check 9 months after he was terminated in the amount of $4,088.21. This check was short $1,076.25.

26. Plaintiff is entitled to interest, penalties, and attorney's fees in addition to the amount of $1,076.25.

### PRAYER

WHEREFORE Plaintiff prays judgment against Defendants and each of them as follows:

On all causes of action:

    (1) For economic damages in an amount according to proof;

---

**COMPLAINT FOR DAMAGES**

5

(2) For non-economic damages in an amount according to proof;

(3) For reasonable costs;

(4) For such other further relief as the Court deems just and proper.

On the First and Second Causes of Action:

(1) For an award of punitive damages to be determined at trial.

On the First and Third Causes of Action:

(1) For attorney's fees in an amount to be determined at time of trial.

Dated: May 16, 2019                LAW OFFICES OF SCOTT E. SCHUTZMAN

By: _____
Scott E. Schutzman,
Attorney for Plaintiff,
Charles Lercher

---

**COMPLAINT FOR DAMAGES**

6

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: May 16, 2019

LAW OFFICES OF SCOTT E. SCHUTZMAN

By: _____
Scott E. Schutzman,
Attorney for Plaintiff,
Charles Lercher

Exhibit "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Charles Lercher                                             DFEH No. 201812-04593621

                        Complainant,

vs.

Wyndham Bayside Hoterl
1355 North Harbor drive
san diego, California 91902

                        Respondents
_____

1. Respondent **Wyndham Bayside Hoterl** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Charles Lercher**, resides in the City of **Bonita** State of **California**.

3. Complainant alleges that on or about **March 1, 2018**, respondent took the following adverse actions:

**Additional Complaint Details:** On March 1, 2018 I was terminated unjustly without proper cause. For the prior year I was on the receiving end of several incidents of workplace discrimination based upon prejudice, bias, and antisemitism. The origination of these incidents began in March 2017 with a petition by Toufic and the Shop Steward Sal to eliminate my work schedule. I have 37 years' seniority with the company. Following this I was aggressively approached face to face to encourage a physical confrontation. Name calling and cackling sounds were uttered as I walked by. There were signs posted in employee areas stating "Fire Charlie, Fire Marc, and Charlie go Home." This occurred several times. Bell carts were pushed within inches of me as acts of intimidation. Rocks were placed on the drivers seat of my vehicle. The visors were altered so I would strike my head as I entered the vehicle. All levels of management were informed of these incidents as they occurred.

-1-
Complaint – DFEH No. 201812-04593621

Date Filed: December 25, 2018

VERIFICATION

I, **Charles Lercher**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 25, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                          **Bonita, CA**

-2-
*Complaint – DFEH No. 201812-04593621*

Date Filed: December 25, 2018

Exhibit "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

December 25, 2018

Charles Lercher
5409 Timboll Court
Bonita, California 91902

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201812-04593621
      Right to Sue: Lercher / Wyndham Bayside Hoterl

Dear Charles Lercher,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 25, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Scott E. Schutzman, Esq.    SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
2124 Main Street, Suite 130, Huntington Beach, California 92648

TELEPHONE NO.: 714-374-0099    FAX NO.: 714-374-0104
ATTORNEY FOR *(Name):* PLAINTIFF, CHARLES LERCHER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION - HALL OF JUSTICE

CASE NAME:
Charles Lercher v. Wyndham San Diego Bayside, et al.

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/21/2019 at 03:44:59 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2019-00026026-CU-WT-CTL |
|---|---|---|
| ☑ Unlimited  ☐ Limited  (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randa Trapp  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action *(specify):* THREE (3)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 20, 2019

Scott E. Schutzman
(TYPE OR PRINT NAME)                           ▶ /s/ Scott E. Schutzman
                                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wyndham San Diego Bayside, an unknown business entity; Wyndham Hotels & Resorts, Inc., a Delaware corporation; and Does 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Charles Lercher, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/21/2019** at 03:44:59 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT
330 W. BROADWAY
SAN DIEGO, CALIFORNIA 92101

CASE NUMBER: 37-2019-00026026-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott E. Schutzman, Esq.  2124 Main Street, Suite 130, Huntington Beach, CA 92648  Tel: (714) 374-0099

DATE: 05/22/2019            Clerk, by    R. Day    , Deputy
*(Fecha)*                    *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov